(51 Misc. Rep. 258.)

### PEOPLE v. SCHMIDT.

(Court of General Sessions, New York County. June, 1906.)

MUNICIPAL CORPORATIONS—ORDINANCES—SIGNS.

New York Building Code, § 144, relating to fences, signs, and billboards, requiring a permit from the superintendent of buildings for their erection, does not apply to ordinary commercial signs fastened flat against the outside of a building wall.

Rudolph Schmidt was convicted of a violation of a building code, and appeals. Reversed.

The defendant was arrested on the 8th day of February, 1906, for attaching a sign to the outside of a building without a permit from the superintendent of buildings; and the following day, upon his admitting the facts in the complaint, he was fined one dollar. The sign which he attached, as the complaint describes it, was placed flat against the building wall, fastened with the usual sign irons. It did not project from the building. It was made of metal, galvanized iron wire, and an iron frame. It was an ordinary commercial sign, intended as a label, to indicate the premises occupied by the person whose name the sign bore, and to designate the business of such occupant. It was neither a fence nor a sky sign. The ground of the defendant's arrest and fine was that, in attaching the said sign without a proper permit, he had violated an ordinance passed by the board of aldermen of the city of New York,

July 1, 1902, and approved by the mayor July 14, 1902, and known as "Ordinance No. 372," an amendment to part 28, § 144, of the Building Code. The defendant takes his appeal on three grounds: First, the proper remedy here, if any, is civil, not criminal; second, under a proper construction of the ordinance above named the defendant has not violated it; third, the ordinance, under the construction contended for by the people, is repugnant to the Constitution of the United States and of the state of New York.

Ferdinand I. Heber, for appellant.
William Travers Jerome, Dist. Atty., for the people.

O'SULLIVAN, J. The defendant is charged with the violation of section 144 of the New York Building Code, in that he affixed to a business building an ordinary business sign without first obtaining a permit from the superintendent of buildings. The section of the Building Code mentioned specifies, first, the height to which "fences, signs and billboards" may be erected when of wood; second, it specifies the height of such structures when of metal; third, it defines "sky signs"; fourth, it specifies the character of construction required for "sky signs"; fifth, it requires "all fences, signs, billboards and sky signs" to be erected within the building line and to be properly braced and constructed. It then provides that a permit shall be obtained from the superintendent of buildings "before the erection of any fence, sign, billboard or sky sign shall have been commenced."

It is apparent, on a reading of the section, that it has application only to the class of signs known as "billboards" and "sky signs." All other signs are regulated as to place of erection and method of fastening by section 198 of the General Ordinances. The two sections are not conflicting, and, when read together, make a reasonable system for the regulation of the erection of signs. The requirement that a permit be obtained has reference only to the class of signs specified in section 144. All other signs may be attached to a building without other authority than the consent of the owner. This being the view of the court, it is unnecessary to examine the questions learnedly discussed by counsel.

The facts stated in the information do not constitute a violation of the Building Code, and the judgment is therefore reversed.

Judgment reversed.